IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
AUG 29 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

ANDRE MAGRUDER,
Grafton Corr. Inst.
2500 S. Avon-Belden Rd.
Grafton, Ohio 44044,

    Plaintiff,

    -vs-

GRAFTON CORR. INST.
2500 S. Avon-Belden Rd.
Grafton, Ohio 44044,

    Defendant.

Case No. 1:19 CV 1980

Judge JUDGE NUGENT

Magistrate MAG. JUDGE GREENBERG

Civil Action under Rehab. Act
ADA, Eighth Amendment, and
42 U.S.C. §1983 for Injunctive
and monetary relief.

Jury Demand Endorsed Herein

## COMPLAINT

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over the instant justiciable controversy by virtue of Article III of the United States Constitution, and pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §705; the Civil Rights Act, 42 U.S.C. §1983, and the Americans with Disabilities Act (ADA), 42 U.S.C. §§12101-12213;

2. All of the acts and conduct upon which this action is based occurred in Grafton, Lorain County, Ohio, within the territorial jurisdiction of this Court, establishing this Court as the appropriate venue for this Action pursuant to F. R. Civ. P. 5.

### PARTIES

3. The plaintiff herein is a United States Citizen and citizen of the State of Ohio and is confined in a State Correctional Institution, under the custody and control of the Ohio Department of Rehabilitation and Correction (ODRC), confined at the Grafton Correctional Institution (GCI), the administration officials of which have committed the acts and conduct upon which this action is based;

-1-

4. The defendant herein is the Grafton Correctional Institution, a public entity which maintains custody and control over the plaintiff herein, and under which auspices the acts and conduct giving rise to the causes of action set forth herein were committed, and which is the recipient of federalfunding, thus mandating compliance with all federal non-discrimination laws, including the Rehabilitation Act of 1973, the Civil Rights Act and the ADA.

## FACTUAL BACKGROUND

5. In approximately 1991, Plaintiff Andre Magruder underwent surgery and a colostomy was performed, leaving him with a permanent colostomy bag;

6. As a direct result of that surgical colostomy and the resultant disability, Magruder was provided with a single cell, in approximately 1991, which has been designated as "permanent" under the ADA and in compliance with the Rehabilitation Act of 1973, with written notices being periodically issued, (Exhibit A);

7. In approximately October of 2018, Magruder was called into the unit office at GCI, where he has been for approximately 25 years with a single cell the entire time, and told that they were taking his single cell away, despite the fact that he still has the same disability requiring the single cell;

8. Magruder wrote to the warden, to the Health Care Administrator and to the GCI ADA Co-Ordinator, and to the Special Needs Assessemtn Committee at the ODRC Central Office, in compliance with the requirements of ODRC Policy 64-DCM-02 to fully exahsut all available administrative remedies, tono avail, and Magruder was forced to endure a double-occupancy cell, in approximately December, 2018;

9. As a direct result of his disability, Magruder is forced to wash out his colostomy bag in the cell sink, and occasionally has leakage and spills;

10. As a result of using the sink to clean his bodily wastes as well as of the occasional leakage, Magruder has been threatened with physical violence from his cellmates, subjected to threats,intimidation, yelling, screaming, slamming things around the cell, and repeated threats upon his life by his cellmates;

11. Upon complaining to GCI officials, Magruder has merely been told to 'deal with it";

12. Magruder is 73 years old and has been continually incarcerated for 35 years, and is in failing health and unable to defend himself against the repeated threatened assaults,

13. The removal of Magruder's ADA Accommodation single-cell restriction was not effected as a result of any legitimate institutional security concern, and moreover was discriminatory in that other GCI prisoners ahve retained their single cell accommocations, including others with colostomy bags;

14. The ability to access the bathroom and to clean himself fall within the definition of "Major Life Activities" under the ADA and the Rehabilitation Act of 1973 and the removal of the single cell restriction accommodation interferes with Magruder's ability to do so; See, e.g. **Stansell v Grafton Corr. Inst.** Sixth Circuit Case No. 18-3765, April 18, 2019);

15. Being forced to endure a cellmate who continually threatens him with physical harm interferes with his ability to sleep at night, or indeed at all, due to needing to "keep one eye open" in fear for his life;

16. As a result of Magruder complaining about the discontinuation of his permanent ADA single-cell restriction, GCI HCA David Less retaliated against him by telling Magruder that his Colostomy supplies would be withheld from him, such supplies including special cleansers and skin protections, as well as inflammation injections all necessary as attendent to a permanent colostomy;

17. Upon seeking a written confirmation, Magruder was provided with such response by the GCI HCA; (Exhibit B)

18. As a direct result of being forced to endure a resntful and violent cellmate, Magruder has been unable to properly access the restroom, or to properly clean himself, thus elevating the need for the cleaning and protective supplies which have been limited to him as a direct result of his complaining about taking away his ADA accommodation single cell restriction;

19. Magruder has suffered threats, retaliation, intimidation, loss of sleep, fear, as well as unnecessary skin irritation, rashes, discomfort, humiliation and physical, psychological and emotional stress and trauma as a direct and proximate result of the removal of his ADA accommodation and Rehabilitation Act compliance single-cell restriction, without any legitimate need to do so, as well as from the retaliation from the resultant attempts to complaint and to have it reinstated.

### EXHAUSTION

20. Magruder presented his complaint to the appropriate GCI officials, who sent him to the GCI ADA Co-Ordinator, who completed an ada reasonable Accommodation request form and denied it, in Magruder's name, and Magruder sent an appeal to the Special Needs Assessment Committe at ODRC Central Office, which refused to respond. (Exhibit C, pp. 1-6), thus exhausting available administrative remedies, as the issue is not subject to the ODRC Grievance procedures under O.A.C. §5120-9-31, See ODRC Policy 64-DCM-02;

## CAUSES OF ACTION

### FIRST CLAIM

21. Plaintiff hereby incorporates the allegations set forth in Paragraphs One through Twenty of this Complaint as if fully rewritten herein;

22. Plaintiff hereby asserts that the acts and conduct of the defendant aforesaid, by and through its agents, constitutes the deprivation of adequate toilet and washing facilities to him, as well as the deprivation of adequate ability to sleep;

23. Plaintiff further specifically alleges that access to a toilet, to adequate hygiene and cleaning facility and to adequate sleep constitute major life activities within the meaning of the ADA and the Rehabilitation act of 1973, and that the interference with these major life activities constitutes a violation thereof;

24. Plaintiff further alleges that the disability from which he suffers reasonably requires the reasonable accommodation of a single cell, as was provided to him for approximately thirty (30) years, and which is also provided toother, similarly situated prisoners at GCI;

25. Plaintiff alleges that the discontinuation of his ADA accommodation without reason or cause constitutes a violation of the Americans with Disabilities Act;

### SECOND CLAIM

26. Plaintiff hereby incorporates the allegations set forth in Paragraphs One through Twenty-five of this Complaint as if fully rewritten herein;

27. The acts and conduct of the defendant aforesaid, by and through its agents, constitutes a violation of the Rehabilitation Act of 1973;

28. The acts and conduct of the defendant aforesaid have caused Plaintiff the damages described in Paragraph nineteen of this COmplaint, continuing through the date of this writing;

### THIRD CLAIM

29. Plaintiff hereby incorporates the allegations set forth in Paragraphs One through Twenty-eight of this Complaint as if fully rewritten herein;

30. The acts and conduct of the defendant aforesaid constitute discrimination and retaliation, and thus constitute a violation of Plaintiff's Civil Rights, in viilation of 42 U.S.C. §1983;

31. The acts and conduct of the defendant aforesaid, by and

-4-

through its agents, have caused Plaintiff the damages set forth in Paragraph Nineteen of this Complaint, continuing through the date of this writing;

## FOURTH CLAIM

32. Plaintiff hereby incorporates the allegations set forth in Paragraphs One through Thirty-one of this Complaint as if fully rewritten herein;

33. The acts and conduct of the defendant aforesaid, by and through its agents, constitutes cruel and unusual punishment, as outside the ordinary incident of prison life, and violates the Eighth Amendment to the United States Constitution;

34. The acts and conduct of the defendant aforesaid, by and through its agents, have caused Plaintiff the damages set forth in Paragraph Nineteen of this COmplaint.

## DEMAND FOR RELIEF

WHEREFORE Plaintiff demands the following relief:

A. Declaratory relief declaring that the acts and conduct of the defendant, by and throughb its agents, violate the plaintiff's rights under the ADA, the Rehabilitation act of 1973, his Civil Rights and the Eighth Amendment;

B. Injunective relief requiring the immediate reinstatement of Plaintiff's permanent single-cell restriction and a moratorium on any future interference therewith;

C. Injunctive relief requirint the continued provision of all necessary colostomy supplies to Plaintiff, now and in the future;

D. Protection from any other and/or further forms of retaliation, including the issuance of a restraining Order enjoining any and all employees, agents, officials, or actors on behalf of the defendant from engaging in any form of retaliation against Plaintiff, including but not limited to changing his housing or work assignment, additional unwarranted shakdowns beyond the regular ones already conducted, damaging his property, and any other aspect of the status quo;

E. Awarding Plaintiff compensatory damages in an amount sufficient to provide compensation for Plaintiff's damages, and to provide deterrence for future violations, in an amount deemed fair, just, proper and equitable by the trier of fact, but not less than one hundred thousand dollars,(#100,000.00);

F. The recovery of Plaintiff's costs and expenses in bringing this action, including copies and postage expenses, together with attorney fees, if any;

G. That the costs of this action be taxed against the defendant;

H. Any other and/or further relief to which Plaintiff may be entitled and which this Court deems just and eequitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

## VERITY

I, the undersigned, being first duly sworn according to law, and competent to testify to the facts enumerated herein, do hereby swear and affirm, under penalty of perjury, that the foregoing statements are true and correct, to the best of my knowledge and belief.

7-11-19
Date:

Andre Magruder, #A183-176
Grafton Corr. Inst.
2500 S. Avon-Belden Rd.
Grafton, Ohio 44044
Plaintiff, in pro se
(28 U.S.C. §1746)

-6-



ANDRE MAGRUDER A-183176
GCI 2500 S. AVON BELDEN Road
GRAFTON, OHIO 44044

OFFICE OF the clerck
UNITED STATES District Court
NORTHERN DISTRICT OF OHIO
801 WEST SUPERIOR AVENUE
CLEVELAND, OHIO 44113-18